Per Curiam.
The lessor of the plaintiff claims under a grant from the State of North Carolina, for 640 acres, to Stockley Donal- *752 son, dated 12th January, 1797 ; which includes within its bounds the lands of which the defendants are possessed. The sheriff of Montgomery County, by deed dated 14th April, 1808, conveyed the land in controversy (among other lands) to the lessor of the plaintiff, by virtue of an order from Morgan Brown, who purchased at the sheriff’s sale ; which sale was made by virtue of the proceedings, judgment, and executions from the court of Montgomery County; which is as follows : —
“ July Session, 1801.
“ Haydon Wills, who was appointed by the court at January term, 1801, to receive the list of taxable property in Captain Bay-ard’s company, reports to court a list of taxable property in the county of Montgomery, not listed for the year 1799, nor taxes paid thereon, to wit (amongst others) : Stockley Donalson, 2,560 acres, on Yellow Creek waters. HaydoN Wills, J. P.
“.Ordered, that the clerk make out a certificate of the lands and tenements reported by Haydon Wills, Esq., for the year 1799, that are liable to the payment of taxes, agreeable to the fourth section of ‘ an act to ascertain what property in this State shall be deemed taxable, and the mode of ascertaining, accounting for, and paying the public taxes.’ ”
And now, to wit, at January term, 1802, the following proceedings were had thereon, to wit: —
* “ On motion, it is ordered, adjudged, and decreed, that the tracts of land entered in the names of the following persons, be subject to the payment of taxes due thereon agreeable to the report of Haydon Wills, Esq., receiver of taxable property, as delinquent for the year 1789, agreeable to law; and that execution issue accordingly. Among others —
“ Stokely Donalson.$11.90.”
Whereupon an execution issued, bearing date the 4th Monday in March, 1802, commanding the sheriff of Montgomery County, that of the lands of Stockley Donolson, reported to be in arrears for taxes of the State and county, for the year 1799, he cause to be made the sum of $11.90, as also the sum of $1.40, costs and charges, &c., as appears of record, to render into the hands of those entitled to receive the same, &c.
On which the sheriff made return, “ Levied on 2,133, and advertised agreeable to the old; not sold because the new law, which re *753 quired it to be advertised in the Gazette, did not come forward till the day of sale.”
A alias execution issued, on which the sheriff returned, “ The within land sold agreeable to law on the 23d day of July, 1802, at seven mills per acre.”
The defendants claim title under the same grant to Stockley Donalson, who conveyed the same by deed to John Love, 13th of January, 1797; and which is registered 25th July, 1815. Love, by deed dated 8th of December, 1797, conveyed to Levin Powell and Cuthbert Powell; which was registered in Robertson County, in 1798, and in’ Montgomery County, in 1807. Cuthbert Powell, by deed dated 2d August, 1800, registered 14th of August, 1811, relinquished his title to Levin Powell, who died since that time. The defendants are tenants to his heirs.
On the foregoing statement of facts the cause was adjourned to this court, by consent, that judgment might be entered for the plaintiff if he had the best title to the land, and if not, then judgment to be in favor of the defendant.
The principal question in the case is, whether by the sheriff’s deed, founded on the record of the proceedings in the court of Montgomery County, a valid title is vested in the lessor of the plaintiff. The sale was made for the taxes of the year 1799 ; and its validity must be tested by the provisions of the act of 1797.
Suppose a sheriff in 1820, report taxes due and unpaid for 1800, would the court have power to give judgment upon such a report? .Who could prove that the taxes had been then paid to the proper collector ? Such report could not be legally made. No more can Hayden Wills, appointed to take the lists for 1801, and to return the property not given in his district for that year, report property not listed in 1799. Much less can the court give judgment on such a return for the year 1801. Should the sheriff make a false statement and judgment be rendered, and land of the defendant be sold, he might proceed against the sheriff; but can he proceed against Hayden Wills ? He did not give the information as a foundation for the judgment, and perhaps did not so intend it. Nor can the court give judgment when the sheriff does' not report that the taxes are due and unpaid, nor when he does not state that there is no personal property to satisfy the taxes. In M‘Carrol and Weeks it is decided, hat if the taxes have been paid the court have no jurisdiction, and *754 all is void; and will it not equally make void the judgment if it does not appear that there was no personal property of the defendant to satisfy the taxes ? J udgment can no more be legally entered in the latter than in the former instance. It may be said that both these requisites must be presumed to have appeared to, and to have been ascertained * by the court before judgment, and that such presumption will remain till the contrary be shown. In Weeks and M‘Carrols it is decided that whatever gives jurisdiction must appear in the proceedings. And, indeed, in summary proceedings the facts which give jurisdiction should appear upon the proceedings. 2 Strange, 997, 998; 1 Str. 316; 2 Str. 919; Bun. 1103; 3 Bun. 1786; 4 Bun. 2062; Doug. 399, 469. It cannot be presumed in favor of their correctness, as it can in favor of courts of record, that they had proper grounds to proceed on. Summary jurisdictions are exercised by men of various capacities and habits; circumstances are prescribed for their observance to direct and restrain them from mistakes, and to avoid precipitancy, and to secure the citizen from a misapplication or wrong exercise of power. These are so many conditions upon which and without which they cannot act. 4 Term, 424. If the presumption is to arise and continue till the contrary be shown, when will the defendant have an opportunity to show it ? The purchaser may not get his deed from the sheriff till 10 or 20 years after the expiration of the year from the day of sale. If he then sue the defendant must the latter then lose his land, if by death or removal or forgetfulness of those concerned he cannot prove the payment of the taxes ? Or that there was personal property sufficient to be distrained in satisfaction of the sum due for taxes ? All these inconveniences may be avoided by requiring all the facts that give jurisdiction to appear on the face of the proceedings themselves. Here it does not appear, by report of the sheriff or otherwise, that the taxes were due and unpaid, or that there was no personal property that could be distrained for the purpose. In the case of Overton v. Campbell and Lackey, it is laid down by Judge Whyte, that one having interest and not made a party cannot be affected by judgment, but all is void as to him ; and with the doctrine I concur; it is * entirely consonant with the first principles of justice and jurisprudence. Before 1803, the proceedings to enforce payment of taxes were in personam only. Consequently, if judgment were against one who *755 was not owner, nor had been cited by publication, it was void as to him who was the owner, who had neither been named nor described in the publication. And was S. Donalson the owner in this case ? On the 12th January, 1787, the land was granted to him; on the 18th he conveyed it to Love, from whom by intermediate conveyances it came to the Powells; and it was registered in 1815. The land was sold for the taxes of 1799. The tax ought to have been paid by Love; for he who is in possession under a grant or deed ought to pay, and here he is in, under a grantee and under a grant till the deed be described, and then for himself under the deed. The legal title is in Donalson till registered; but a trust estate is in Love, and may be seized by execution and sold for the taxes ; and when sold the purchaser will come into the place of Love, or Love and not Donalson will be considered as owing the taxes; in which case the State is not a creditor of Donalson to be affected; and then the deed, when registered, will take effect as from the date, and cause Love to be considered as the owner from the date; as was the law previous to 1807, when the exception was made in favor of creditors and subsequent purchasers. And if Love was the owner all along, particularly in 1799, when the taxes were due ; or in 1801, when the report was made, then he is not named either in the report, publication or judgment, and all is void as to him and his assigns.
Objected first, that payment of taxes may be given in evidence, because after payment the defendant has no notice of the proceedings intended against him, as he hath by non-payment. Answer : If want of notice for any cause destroys the sale, this case is distinguished * from ordinary ones in courts of record. The argument itself admits the inconclusiveness of the judgment and this difference. Objection: The sheriff cannot report, nor collect the taxes returned by the justice. Answer : Then no one is to collect, and the taxes are not due at all. Is there no means to avoid a judgment and sale by payment to any one ? Objection: Personal property may be distrained and sold; why not' realty by judgment without notice ? Answer: The Legislature preserves the latter with more care than the former. This preference is apparent in every law where we could possibly expect to find it. It is a part of our policy. Objection: Grants are upon condition to pay taxes. Answer: The Legislature may decline taking advantage of this condition, by insisting upon which the lands revert to the State. In *756 stead thereof, the Legislature prescribes a judgment and notice to precede it by publication ; which, it is presumed, will give notice, and in fact will generally do so. Objection: Payment cannot be alleged to affect the sale. Answer: This position conflicts with the decision in M‘Carrol and Weeks, which, it is admitted, will stand the test of investigation. Objection: The debt paid discharges notice. Answer : Non-payment is not deemed by the law any notice at all; it requires publication. What right have we to say non-payment is equal to 'publication? Objection: If defendant knows that he has paid the taxes, he cannot know without publication that they will proceed against his land. Answer: If he has not paid, he cannot know when and where they will proceed. Oftentimes agents do not pay, and deceive their principals; publication will give notice of the danger, and rouse owners from their security. Objection : Publication will not give notice. Answer: It is intended to do so. Its inadequacy will make it more necessary to require it. It cannot be dispensed with so long as it may convey notice * to some, merely because it will not convey it to all. It is at least better than no attempt at all to give notice. Objection : A report is no notice. Answer : If the sheriff misreports, he is liable to the defendant. Therefore without his report the court cannot act. Objection: The lands, and not the person, were liable under 1797. Answer: 1803 expressly fixed a lien upon them. This law was useless if the lien was already fixed. Objection: In proceedings in rem all are parties. Answer: Because all mankind are summoned to defend by the process affixed in court and in the vassal to be condemned. Here is no citation, for all mankind or for any one that is interested. Objection : Cooke’s Reports, 361, is not law. Answer : So far as it agrees with this opinion we think it is. Objection : The sai. fa. went against an heir when there was a devise and the sale was good. Answer : The sei.fa. is not indispensable. The judgment against an ancestor may serve as a foundation for an execution against the lands, though no sci. fa. issue ; it is used in such case by way of caution, not of necessity. Objection: The court, whose jurisdiction depends upon a fact, for instance, a vessel being within two leagues of an island, must ascertain the fact, and when ascertained, and judgment and decree upon it, and proceedings under the sale, these cannot be invalidated by proof of the non-existence of the fact. Answer: In case of foreign proceedings and *757 foreign jurisdiction, if this were not the law, all their decrees would fluctuate ad infinitum, and depend upon the evidence on either side which could be given in a distant country, where sometimes it would preponderate in favor of the fact and sometimes against it. In summary municipal jurisdictions, the inconvenience is not so great. If the vessel be not captured or escape, the jurisdiction fails. Objection : The record in 6 Massachusetts Keports, on conclusive evidence of all the * facts stated in it. Answer: Here is no allegation of the fact that gives jurisdiction, lands within the county, non-payment of taxes, nor want of personal property. Objection: The sentence of a competent court is conclusive upon him who is a party. Answer: It is not conclusive upon him who is no party ; and here it is considered that Love was no party. Objection: 5 Cranch, 173. Answer : There it was admitted that the jurisdiction of inferior courts must appear upon the face of the proceedings, not so of the court whose proceedings were then under examination, because not an inferior court. Here the court is for this purpose inferior, and its proceedings summary, and its judgments inconclusive. Objection: 13th Johnston, 143,153, 449. What is done by a competent court is conclusive. Answer: 8 Term, 449 ; and again, here is not a competent court unless the facts appear which gave it jurisdiction. Objection: The Constitution does not forbid a distress and sale, or seizure and sale of lands without judgment. Answer: The law requires notice by publication and judgment. Objection : A party is not made by publication. Answer: Those are parties against whom process is prayed and directed. Objection: A purchaser with his deed unregistered cannot he known. Answer: Just as well as the grantee who has sold to him, because grants are good whether registered or not in the county; many grants were registered in Hawkins County, many in North Carolina, and the one is as easily discovered as the other. And even if he were not, we ought not to fix upon him merely because he is more accessible than the other. A sale of his interest would be very probably subject to the trust in the purchaser, in which case neither of them would lose anything; but sell the right of the purchaser, and the beneficial interest would pass.
See Gardner v. Brown, 1 Hum. 354; Rogers v. Park, 4 Hum. 480; King’s Digest, 11,537.